**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KESHON DENNIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-2137** |
| **MICHAEL TREGRE ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Sheriff Michael Tregre's Motion to Stay Proceedings (Doc. 14). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Keshon Dennis brings § 1983, § 1988 and state law claims against St. John the Baptist Parish Sheriff Michael Tregre and former Sheriff Deputy Nicholas Bordelon arising out of Plaintiff's arrest on October 12, 2024. Plaintiff alleges that during his arrest he was physically assaulted by Bordelon and sustained physical and mental damages.

It is undisputed that, as a result of the incident at issue in this case, Bordelon was terminated from the Sheriff's Office and criminally charged in the 40th Judicial District Court with malfeasance in office, filing false public records, falsifying information, aggravated battery, second degree battery, simple battery, and simple assault. Bordelon's criminal charges remain pending. Defendant Sheriff Tregre has moved this Court to stay this proceeding pending the resolution of Bordelon's criminal charges. Plaintiff

does not oppose, but Bordelon has filed an opposition stating that he does not intend to invoke his Fifth Amendment rights in this matter and therefore a stay is not warranted. The Court will consider the parties' arguments in turn.

## LAW AND ANALYSIS

"Whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but, rather, one of court discretion, that should be exercised when the interests of justice so require."[1] The stay of civil proceedings pending a criminal proceeding "is an extraordinary remedy, not to be granted lightly."[2] In the Fifth Circuit, courts generally consider the following factors in deciding whether to stay a civil proceeding pending the outcome of a related criminal proceeding:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interest of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.[3]

That said, these factors are largely aimed at identifying cases that should be stayed for the protection of the criminal defendant. "One primary goal of a stay, when a stay is indeed warranted, is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict

[1] Alcala v. Texas Webb Cnty., 625 F. Supp. 2d 391, 396 (S.D. Tex. 2009).
[2] United States v. Simcho, 326 F. App'x 791, 792–93 (5th Cir. 2009).
[3] St. Martin v. Jones, No. CIV.A. 08-1047, 2008 WL 4534398, at *1 (E.D. La. Oct. 2, 2008).

he would face between asserting this right and defending the civil action."[4] Indeed, courts have held that "there needs to be a 'real and appreciable' risk of self-incrimination in order to postpone civil discovery until termination of a criminal action."[5] The first factor—the extent to which the underlying civil and criminal actions overlap—"is considered the most important threshold issue in determining whether to grant a stay *because self-incrimination is more likely if there is significant overlap*."[6] And the second factor—the status of the criminal case—considers whether "a party has been indicted for an offense and must defend a civil action involving the same matter *because it is more likely that a defendant will make incriminating statement after the indictment has been" issued*.[7] Accordingly, courts will stay a civil proceeding with the goal of protecting the accused party in a parallel criminal proceeding.

Here, the Court is presented with the unusual case in which the accused defendant has indicated that he will decline to assert his Fifth Amendment rights in this matter. Accordingly, because Defendant Bordelon intends to waive his rights against self-incrimination, the concerns underlying the factors that courts consider in issuing a stay are not implicated here.

Movant suggests that a stay is appropriate because Defendant Bordelon will be entitled to discovery in this matter that he would not otherwise be entitled to in the criminal matter, including the ability to cross-examine other detectives and access law enforcement materials. In so arguing, Movant relies

[4] *Alcala*, 625 F. Supp. 2d at 397.

[5] Hillhouse v. IPFS Corp., No. 24-1855, 2025 WL 1884847, at *4 (E.D. La. July 8, 2025) (citation modified).

[6] *Id.* (emphasis added).

[7] D'Angelo v. Pintado, No. 09-3667, 2009 WL 4642009, at *2 (E.D. La. Dec. 2, 2009) (emphasis added).

on *Campbell v. Eastland*, in which the Fifth Circuit advised that "[i]n handling motions for a stay of a civil suit until the disposition of a criminal prosecution on related matters and in ruling on motions under the civil discovery procedures, a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases."[8] It explained that:

> A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed—unstayed. In the proper case the trial judge should use his discretion to narrow the range of discovery.[9]

This Court finds that this matter falls into the latter category—one that should proceed unstayed. Movant has not identified with any specificity what evidence Bordelon might receive that would undermine the criminal proceeding. The Court finds Movant's speculative argument insufficient to warrant the extraordinary remedy of a stay, especially when there are not also Fifth Amendment implications for the criminal defendant.[10] Instead, Movant's

[8] Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962).

[9] *Id.*

[10] Further, it is worth noting that Bordelon is not the plaintiff in this matter and did not bring this action with the intent to obtain civil discovery. *See* Dominguez v. Hartford Fin. Servs. Grp., Inc., 530 F. Supp. 2d 902, 908 (S.D. Tex. 2008) ("[A]llowing Hoeffner discovery in the civil action would vitiate the rules of criminal discovery and establish a harmful incentive for future criminal defendants to file civil suits in order to avoid limitations imposed by the criminal discovery rules. The Court finds Hoeffner, a criminal defendant, may not file

concerns are best addressed through pre-trial discovery motion practice as contemplated in *Campbell*.

**CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 24th day of August, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

a cross-claim in a civil suit to obtain discovery relating to the criminal case against him." (internal citations omitted)).